UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SMITH, SR.,

Plaintiff,

v.

Case No. 26-cv-13086
Honorable Linda V. Parker

MICHIGAN WORKERS' DISABILITY COMPENSATION AGENCY, DIRECTOR, et al.,

Defendants.
________________________________/

**OPINION AND ORDER**
**REJECTING PLAINTIFF'S OBJECTIONS (ECF NOS. 20, 21) TO MAGISTRATE JUDGE'S SEPTEMBER 16, 2026 ORDER (ECF NO. 20)**

Plaintiff initiated this pro se lawsuit on August 27, 2026. The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 55.) It is presently before the undersigned on Plaintiff's objections (ECF Nos. 20, 21) to Magistrate Judge Ivy's September 16, 2026 order denying Plaintiff's motion for a scheduling conference and striking various exhibits Plaintiff filed on the docket, which were unrelated to a pending motion (ECF No. 19).

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

Magistrate Judge Ivy's order is neither contrary to law nor clearly erroneous. As relevant to the denial of Plaintiff's motion for a scheduling conference, the Federal Rules of Civil Procedure instruct:

> The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

Fed. R. Civ. P. 16(b)(2). When Magistrate Judge Ivy issued his decision, Defendants had not yet been served. Nor had any defendant appeared. Moreover, Rule 16 allows a court to delay issuing a scheduling order if it finds "good cause for delay[.]" *Id.* Where, as is

the case now here, a defendant has moved to dismiss the plaintiff's complaint, court's frequently find good cause to delay issuing a scheduling order.

Magistrate Judge Ivy also properly struck Plaintiff's exhibits. The District's Local Rules prohibit the filing of discovery materials unless submitted in support of a pending motion, response, or reply. *See* E.D. Mich. LR 26.2(a). Plaintiff's exhibits were not connected to a motion, response, or reply. While they may "support allegations and provide factual context" (*see* ECF No. 21 at PageID.846), the appropriate time for that support and context to be provided is in connection with the briefing related to a pending motion or at trial, if the case proceeds to that point.

For these reasons, Magistrate Judge Ivy's September 16, 2026 Order is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 27, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 27, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager